PHILIP KOMISAR, Respondent, v. LOUIS HOCHBERG, Defendant, and RICHMOND LIGHT AND RAILROAD COMPANY, Appellant.

WILLIAM COHEN, Respondent, v. LOUIS HOCHBERG, Defendant, and RICHMOND LIGHT AND RAILROAD COMPANY, Appellant. (Two actions.)

RUTH COHEN, Respondent, v. LOUIS HOCHBERG, Defendant, and RICHMOND LIGHT AND RAILROAD COMPANY, Appellant.

PHILIP MEYER, as Administrator of the Estate of JENNIE MEYER, Deceased, Respondent, v. LOUIS HOCHBERG, Defendant, and RICHMOND LIGHT AND RAILROAD COMPANY, Appellant.

PHILIP KOMISAR, as Administrator of the Estate of ANNA KOMISAR, Deceased, Respondent, v. LOUIS HOCHBERG, Defendant, and RICHMOND LIGHT AND RAILROAD COMPANY, Appellant.

*Negligence — railroads — motor vehicles — collision between automobile and trolley car — action to recover for injuries and death of passengers in automobile.*

*Komisar* v. *Hochberg* (2 cases), 223 App. Div. 755, affirmed.
*Cohen* v. *Hochberg* (3 cases), 223 App. Div. 755, affirmed.
*Meyer* v. *Hochberg*, 223 App. Div. 755, affirmed.
(Argued June 21, 1928; decided July 19, 1928.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1928, affirming a judgment in favor of plaintiff entered upon a verdict. The actions were to recover damages for injuries sustained by the several plaintiffs or their intestates in a single accident alleged to have been caused by the negligence of the defendant railroad company and Hochberg. The defendant Hochberg, while driving an automobile in which the various plaintiffs or their intestates were passengers along Richmond Terrace in Staten Island, turned onto the tracks of defendant railroad com-

pany and came into collision with a trolley car approaching from the opposite direction, causing the death of two of the passengers and injuries to the remainder.

*Abel E. Blackmar* and *Bertram G. Eadie* for Richmond Light and Railroad Company, appellant.

*Moses Feltenstein* for respondents.

Judgment in each action affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: CRANE, J.

---

CLEMENTINE KADELBURG, Respondent, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

*Insurance (accident) — waiver — non-payment of last premiums due before death of insured — custom of extending credit and delivery of certificate of renewal to broker of insured kept policy in force in absence of notice of cancellation.*

*Kadelburg v. Hartford A. & I. Co.*, 223 App. Div. 169, affirmed.
(Argued June 21, 1928; decided July 19, 1928.)

APPEAL from a judgment, entered March 30, 1928, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of the court at a Trial Term, setting aside a verdict in favor of plaintiff directed by the court, and reinstated the verdict. The action was to recover upon a policy of accident insurance. The defense was that the policy had expired by failure to pay the premium. The policy was issued July 22, 1921. The insured died from accident November 4, 1923. Testimony showed that it had been the custom of defendant to send a renewal certificate to the broker of the insured and to extend credit for payment of the premiums. The last premium paid was due January 22, 1923, but payment was not made until April 7, 1923. The next payment was due July 22, 1923. The renewal certificate was sent to the